UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————x

RAJI WILSON,

                       **Plaintiff**

      -against-

 

THE CITY OF NEW YORK, and
CORRECTION OFFICERS CARNES and
SMITH, and JOHN DOE #1 THROUGH #12,
of the NEW YORK CITY DEPARTMENT OF
CORRECTION (the names John Doe being
fictitious, as the true names are presently
unknown),

                   **Defendant(s),**

——————————————————————x

: **COMPLAINT**
: **AND JURY DEMAND**

: No. -cv-

Plaintiff RAJI WILSON, by his attorney, Fink & Katz, PLLC, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.     This is an action for monetary damages (compensatory and punitive) and attorneys' fees brought by Plaintiff RAJI WILSON against THE CITY OF NEW YORK, CORRECTIONS OFFICER CARNES ("CARNES"), CORRECTION OFFICER SMITH ("SMITH") and JOHN DOE #1 through #12 of the New York City Department of Corrections ("NYCDOC"), under 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, which are secured by these statutes and the United States Constitution.

2.     On or about August 30 to August 31, 2016, CORRECTION OFFICERS JOHN DOE #1 through JOHN # 12 (whose said names are currently unknown) of

the NYCDOC, and other members of the NYCDOC, acting under the color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, false arrest, false imprisonment and detention, and assault and battery, and use of excessive force, in retaliation for acts of which plaintiff was innocent. The unreasonable seizure of the plaintiff and his property and the use of excessive force were in violation of plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

3.      On or about March 27, 2017, CARNES and SMITH of the NYCDOC, and other members of the NYCDOC, acting under the color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, false arrest, false imprisonment and detention, and assault and battery in retaliation for acts of which plaintiff was innocent. The unreasonable seizure of the plaintiff and his property and the use of excessive force were in violation of plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

4.      The Plaintiff, RAJI WILSON, through his attorneys, complaining of the Defendants, respectfully alleges:

## JURISDICTION

5.      This action is brought under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1983, 1985 and 1988 and the Fourth, Fifth, Eighth, Fourteenth and Fifteenth Amendments to the Constitution of the United States. Pendant Jurisdiction, pendant party jurisdiction, and supplementary jurisdiction over plaintiff's state law claims is asserted.

2

6. The amount in controversy exceeds $75,000.00 excluding interest and costs.

7. Venue is laid within the United States District Court for the Southern District of New York in that the claims alleged in the Complaint occurred within the boundaries of the Southern District of New York, particularly Rikers Island.

## JURY DEMAND

8. Plaintiff respectfully demands a trial by jury on all issues in this matter pursuant to Federal Rule of Civil Procedure 38(b).

## PARTIES

9. Plaintiff RAJI WILSON at all times relevant hereto was detained by NYCDOC and was incarcerated on Riker's Island at two different facilities: 1) For the August 30 to August 31, 2016 incident plaintiff was brought to at Anna M. Kross Correctional Facility ("AMKC"), located at 18-18 Hazen Street, East Elmhurst, NY 11370; 2) For the March 27, 2017 incident plaintiff was in incarcerated at George R. Vierno Center ("GRVC") located at 09-09 Hazen Street, East Elmhurst, NY 11370.

10. Upon information and belief, Defendant CITY OF NEW YORK was, at all times relevant to these allegations, a municipal corporation duly organized and existing under the laws, statutes and charters of the State of New York.

11. The NYCDOC was, at all times relevant to these allegations, an agency of Defendant CITY OF NEW YORK.

3

12.     On information and belief, Defendants CARNES and SMITH, JOHN

DOE #1 through #12 and other members of the NYCDOC were, at all times relevant

to these allegations, employees of Defendant CITY OF NEW YORK, as correction

officers employed by the NYCDOC. CARNES' shield number is 9647.  SMITH'

shield number is 18505.

13.     At all times mentioned herein, defendants were acting under color of

state and local law, to wit, under color of statutes, ordinances, regulations, policies,

customs and usages of the City of New York and the State of New York

14.     Defendants CARNES and SMITH, JOHN DOE #1 through #12 and

other members of the NYCDOC are named in this Complaint both personally and in

their official representative capacities as corrections officers employed by Defendant

CITY OF NEW YORK. Each and all of the acts alleged in this Complaint were done

by the individual defendants and each of them, under cover and pretense of the

statutes and laws of the State of New York, and under and by virtue of their

authority as police officers and employees of Defendant CITY OF NEW YORK.

15.     That as a result of the foregoing, Defendant CITY OF NEW YORK is

liable for the individual Defendants' acts under to the doctrine of "respondeat

superior."


## FACTUAL ALLEGATIONS
### THE AUGUST 30th to 31st INCIDENT

16.     Sometime in the evening of August 30, 2016, following his request to

move to a different facility, Mr. Wilson, along with other inmates, was placed on a

4

NYDOC bus at Manhattan Detention Center ("MDC") located at 125 White Street, NY, NY 10013, and transferred to AMKC, a jail at Rikers Island, located at 18-18 Hazen Street.

17.     The bus was operated by JOHN DOE #1 while JOHN DOE #2 guarded the inmates on the bus.

18.     Although members of NYDOC had been instructed not to rear handcuff Mr. Wilson, this directive was ignored and Mr. Wilson was rear handcuffed when he was placed on the bus.  Mr. Wilson remained rear handcuffed until he was removed from the bus the next day.

19.     When the bus arrived at AMKC on August 30, 2016, JOHN DOE #1 and JOHN DOE #2 left the bus. However, Mr. Wilson and the other inmates on the bus were forced to stay on the bus overnight.

20.     On August 31, 2016 when members of NYDOC, including JOHN DOE #3 through JOHN DOE #12 ordered Mr. Wilson and the other inmates off of the bus, because many inmates were upset at inexplicably having been left on the bus overnight, they refused to leave.

21.     Mr. Wilson never refused to leave the bus.

22.     On August 31, 2016 JOHN DOE #3 through #12, and other members of the NYDOC, sprayed mace into the bus which caused Mr. Wilson, who suffered from asthma, to have extreme difficulty breathing and to experience a burning sensation in his eyes.

23.     As Mr. Wilson struggled to breath, he believed that he was going to suffocate.

24.     During this entire time that Mr. Wilson was on the bus, approximately 15 to 20 hours, plaintiff remained rear handcuffed.

25.     As a result of being rear handcuffed for this entire time period Mr. Wilson experienced excruciating pain to both of his wrists which were bruised.

26.     Mr. Wilson, unable to use a bathroom was left with no choice but to urinate on himself as he sat in pain in the sweltering heat. Other inmates sat in their own urine and excrement.

27.     The physical attack on Mr. Wilson was unprovoked.

28.     Mr. Wilson's injuries on August 31, 2016 were so severe and excessive that he was taken to a Rikers Island infirmary where he was treated for injuries to both of his wrists which had been badly bruised, and for shortness of breath and burning to his eyes that resulted from getting maced.

29.     Mr. Wilson suffered emotional distress, embarrassment as well physical pain and suffering from assault and battery and use of excessive force by the defendants.

*THE MARCH 27th INCIDENT*

30.     On March 27, 2017, as an inmate at GRVC, Mr. Wilson was brought to the shower by CARNES.

31.     After he entered the shower Mr. Wilson, GARNES shut the shower door.

6

32.     Mr. Wilson then put his hands in an opening slot in the shower door so that his handcuffs could be removed by CARNES.

33.     Once the handcuffs were removed Mr. Wilson requested that the shower slot be kept open while he was showering but CARNES refused.

34.      Mr. Wilson had a verbal argument with CARNES, explaining that because of his asthma his breathing would be inhibited with the shower slot closed.

35.     When CARNES refused Mr. Wilson's request, Mr. Wilson asked to speak with a captain.

36.     During this argument Mr. Wilson was rear handcuffed.

37.     CARNES, without provocation and aided by SMITH, in one motion threw Mr. Wilson to the ground by grabbing him by the arm and tripping him.

38.     CARNES' and SMITH'S attack caused Mr. Wilson's face to smash into the floor.

39.     During CARNES' and SMITH'S brutal attack on Mr. Wilson no corrections officers intervened to help Mr. Wilson

40.     As a result of this attack, Mr. Wilson was in excruciating pain, from losing his two front teeth and suffered injuries to both of his shoulders and wrists as well as his right eye.

41.     Ironically as a result of this incident, Mr. Wilson was charged with numerous NYCDOC infractions including: Assault On Staff; Refusal Direct Order, Disrespect For Staff and Disorderly Conduct.

42.     After Wilson learned that he had been charged with the above listed infractions, he asked the hearing officer to look at a surveillance recording of the incident which showed that he had been unjustifiably attacked by CARNES and SMITH.

43.     The infractions were subsequently dismissed.

44.     Mr. Wilson suffered emotional distress, as well as physical pain and suffering from assault and battery and use of excessive force by CARNES and SMITH.

45.     Because of defendants' conduct, Mr. Wilson was restrained against his will and was unlawfully deprived of his liberty and property.  In addition, as a result of the defendants' conduct plaintiff was seriously injured.

46.     The infractions which CARNES and SMITH charged Mr. Wilson with were without legal process and without probable cause.

47.     As a direct and proximate result of the acts of CARNES and SMITH, Mr. Wilson suffered injuries including but not limited to, embarrassment, humiliation, emotional distress, and loss of liberty and property. Mr. Wilson also suffered physical injury and was subject to malicious prosecution.

48.     All of the events, both with regard to the August 31, 2016 incident and the March 27, 2017 incident, leading up to an culminating in Mr. Wilson being subjected to excessive force and false imprisonment occurred while other NYCDOC officers, including but not limited to, the individually named defendants, either

8

participated in or failed to intervene in the illegal conduct described herein despite having every opportunity to do so.

49.     All of these events occurred as a direct result of the unconstitutional policies, customs, or practices of Defendant CITY OF NEW YORK, including but not limited to, the inadequate screening, hiring, retaining, training, promoting, compensating, disciplining, and supervising of its employees.

50.     The underlying application of excessive force and false imprisonment is not an isolated incident. Defendant CITY OF NEW YORK, is aware from lawsuits, notices of claim, press accounts, that many NYDOC officers, including the defendants, abuse their authority and are insufficiently trained regarding the application of force in light of the facts and circumstances confronting them in the course of inmate-correction officer encounters.

51.     Further, these officers routinely apply excessive force in the course of these encounters while their fellow corrections officers either actively participate in or fail to intervene to prevent this unconstitutional conduct; and upon applying such force, these officers engage in falsification of the incidents so that the inmates are often charged with illegal conduct when in fact the inmates have either done nothing wrong or have engaged in conduct that does not merit being subjected to excessive force.

52.     Defendant CITY OF NEW YORK is further aware that such conduct and improper training has resulted in deprivations of civil rights. Despite such

notice, Defendant CITY OF NEW YORK has failed to take corrective action. This failure caused defendants to violate Plaintiff's civil rights.

53. Moreover, upon information and belief, Defendant CITY OF NEW YORK, was aware that prior to the incident, the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as NYCDOC correction officers. Despite such notice, Defendant CITY OF NEW YORK has retained theses officers and failed to adequately train, supervise, and discipline them.

54. As a result of the foregoing Mr. Wilson has sustained among other damages, physical injuries, substantial pain, mental injuries, emotional distress, embarrassment, and deprivation of his constitutional rights and liberty.

### FIRST CLAIM FOR RELIEF
### (DEPRIVATION OF RIGHTS UNDER 42 § U.S.C. 1983)

55. Paragraphs 1 through 54 are herein incorporated by reference.

56. All of the aforementioned acts of the defendants, their agents, servants, and employees were carried out under the color of state law.

57. All of the aforementioned acts deprived Plaintiff RAJI WILSON of the rights privileges and immunities guaranteed to United States citizens by the Fourth and Fourteenth Amendments of the United States Constitution and were in violation of 42 U.S.C. 1983.

58.     The individual defendants carried out these illegal acts in their capacity as corrections officers, with the entire actual and/or apparent authority attendant to their office.

59.     The individual defendants carried out these illegal acts in their capacity as correction officers, pursuant to the customs, usages, practices, procedures, and the rules of Defendant CITY OF NEW YORK and NYDOC, all under the supervision ranking officers of the NYDOC.

60.     The defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

61.     As a result, Plaintiff RAJI WILSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## SECOND CLAIM FOR RELIEF
### (FALSE ARREST AND ILLEGAL IMPRISONMENT)

62.     Paragraphs 1 through 61 are herein incorporated by reference.

63.     Defendants GARNES and SMITH and JOHN DOE #1 through #12 subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

64.     Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

65.     As a result, Plaintiff RAJI WILSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## THIRD CLAIM FOR RELIEF
### (FOURTH AMENDMENT)

66.     Paragraphs 1 through 65 are incorporated herein by reference.

67.     Defendants GARNES and SMITH and JOHN DOE #1 through #12 and other members of the NYCDOC arrested Plaintiff RAJI WILSON, subjecting him to false arrest, imprisonment, assault and battery, excessive force and deprivation of liberty without probable cause.

68.     That as a result of the foregoing, Plaintiff RAJI WILSON has been deprived of the following rights, privileges and immunities secured to him by the Constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

12

69.     As a result, Plaintiff RAJI WILSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## FOURTH CLAIM FOR RELIEF
### (FOURTEENTH AMENDMENT)

70.     Paragraphs 1 through 69 are incorporated herein by reference.

71.     Defendants GARNES and SMITH and JOHN DOE #1 through #12 and other members of the NYCDOC illegally arrested Plaintiff RAJI WILSON subjecting him to false arrest, imprisonment, assault and battery, excessive force as well as deprivation of liberty without probable cause.

72.     That as a result of the foregoing, Plaintiff RAJI WILSON has been deprived of the following rights, privileges and immunities secured to him by the Constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

73.     As a result, Plaintiff RAJI WILSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**FIFTH CAUSE OF ACTION**
(EXCESSIVE FORCE)

74.     Paragraphs 1 through 73 are incorporated herein by reference.

75.     Defendants GARNES and SMITH and other members of the NYCDOC threw Plaintiff to the ground while he was rear handcuffed with such force that he lost two teeth and had injuries to his shoulders, wrists and right eye.

76.     Defendants' use of physical force against Plaintiff was excessive and was not applied in a good-faith effort to maintain or restore discipline. Rather, Defendants' physical force against Plaintiff was applied maliciously and sadistically with the intent of harming Plaintiff.

77.     As a result of Defendants' use of excessive force against Plaintiff, Plaintiff was deprived of his right to be free from cruel or unusual punishments under the Eighth and/or Fourteenth Amendments, and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

78.     As a result, Plaintiff RAJI WILSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## SIX CAUSE OF ACTION
### (EXCESSIVE FORCE)

79.     Paragraphs 1 through 54 are incorporated herein by reference.

80.     Defendants JOHN DOE #1 through JOHN DOE #2 and other members of the NYCDOC left Plaintiff on a NYCDOC bus overnight while he was rear handcuffed causing Plaintiff's wrists to become badly bruised. Defendants JOHN DOE#3 through #12 and other members of the NYCDOC maced Plaintiff causing his eyes to be burned and leaving him unable to breath.

81.     Defendants' use of physical force against Plaintiff was excessive and was not applied in a good-faith effort to maintain or restore discipline. Rather, Defendants' physical force against Plaintiff was applied maliciously and sadistically with the intent of harming Plaintiff.

82.     As a result of Defendants' use of excessive force against Plaintiff, Plaintiff was deprived of his right to be free from cruel or unusual punishments under the Eighth and/or Fourteenth Amendments, and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

83.     As a result, Plaintiff RAJI WILSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## SEVENTH CLAIM FOR RELIEF
### (MUNICIPAL LIABILTY)

84.     Paragraphs 1 through 83 are incorporated herein by reference.

15

85.     Defendant CITY OF NEW YORK is liable for the damages suffered by Plaintiff as a result of the excessive force of its employees, agents, and servants.

86.     For several years, Defendant CITY OF NEW YORK, both through its Department of Correction and its Department of Health and Mental Hygiene, has compiled and maintained statistics on (a) number of fights that take place among Rikers Island prisoners; (2) the number of altercations between prisoners and Rikers Island correction officers; and (3) the number of Rikers Island prisoners who suffer serious injuries that require medical treatment during these altercations.

87.     In addition to compiling the statistics, the Department of Correction and/or the Department of Health and Mental Hygiene interview substantial numbers of the inmates who suffer serious injuries during these altercations. These interviews reveal that many such inmates continue to be beaten even after they have been subdued. The statistics and/or interviews also reveal that, in many of the altercations, several correction officers "ganged up" on individual prisoners.

88.     By August 31, 2016, when Defendants beat Plaintiff, the rate at which correction officers used force on inmates had been rising since at least 2005.

89.     Because of the above statistics, in addition to numerous grievances and civil rights lawsuits filed by various Rikers Island prisoners, as well as the personal knowledge of policy makers (including direct observation) by policy makers, Defendant CITY OF NEW YORK, in August 2016 and March 2017, knew or should have known of their employees', agents', or servants' propensity to engage in

16

excessive force that violated inmates' rights to be free from cruel and unusual
punishments under the Eighth and/or Fourteenth Amendments.

90.    Since 2002, senior supervisors and uniformed staff in DOC have been
sued repeatedly by inmates alleging staff beatings and cover-up. Many of these
cases, all resulting in favorable judgments for plaintiffs following settlement,
include remarkably similar allegations of misconduct. See, e.g.,

- *Mobley v. City of New York, et al.*, 09 Civ. 7757 (S.D.N.Y.) (alleging
  that prisoner was "savagely [sic] beaten and kicked by three
  correction officers who each weighed over two hundred pounds and
  Mr. Mobley was unarmed and emaciated from not eating for the
  past three days . . ."; settled for $525,000);

- *Reynolds v. City of New York*, 11 Civ. 621 (S.D.N.Y.) (alleging beat-
  up in GMDC resulting in shoulder fracture and loss of
  consciousness; settled for $200,500);

- *Mull v. City of New York*, 08 Civ. 8854 (S.D.N.Y.) (alleging beat-up
  in AMKC resulting in diffuse axonal injury to brain, partial loss of
  eyesight and partial loss of hearing and requiring the victim to take
  seizure medications; settled for $550,000);

- *Belvett v. City of New York*, 09 Civ. 8090 (S.D.N.Y.) (alleging beat-
  ups at GMDC and RNDC resulting in facial fracture; settled for
  $350,000);

- *Youngblood v. Baldwin*, 08 Civ. 5982 (S.D.N.Y.) (alleging beat-up at GRVC resulting in skull laceration and broken nose; settled for $240,000);

- *Williams v. City of New York*, 07 Civ. 11055 (S.D.N.Y.) (alleging beat-up in OBCC resulting in fractured jaw and facial bones and torn earlobe; settled for $202,500);

- *Williams v. City of New York*, 09 Civ. 5734 (S.D.N.Y.) (alleging beat-up in RNDC resulting in laceration to head; settled for $87,500);

- *Lee v. Perez*, 09 Civ. 3134 (S.D.N.Y.) (alleging beat-up at NIC resulting in multiple rib fractures, a spinal fracture and a collapsed lung; settled for $300,000);

- *Shuford v. City of New York*, 09 Civ. 945 (S.D.N.Y.) (alleging two beat-ups at RNDC resulting in facial fractures; settled for $375,000);

- *Diaz v. City of New York*, 08 Civ. 4391 (S.D.N.Y.) (alleging beat-ups involving two inmates, one at AMKC and one at OBCC; settled for $400,000 and $450,000, respectively);

- *Lugo v. City of New York*, 08 Civ. 2931 (S.D.N.Y.) (alleging beat-up at NIC resulting in orbital fracture; settled for $185,000);

- *Cuadrado v. City of New York*, 07 Civ. 1447 (S.D.N.Y.) (alleging beat-up at RNDC resulting in punctured lung; settled for $175,000);

- *Scott v. City of New York*, 07 Civ. 3691 (S.D.N.Y.) (alleging beat-up at GMDC resulting in orbital fracture; settled for $175,000);

- *Pischeottola v. City of New York*, 06 Civ. 2505 (S.D.N.Y.) (alleging beat-up at RNDC resulting in punctured lung requiring chest tube; settled for $150,000);

- *Rice v. N.Y.C.D.O.C.*, 03 Civ. 582 (S.D.N.Y.) (alleging beat-ups of two inmates at GRVC resulting in collapsed lung and contusion hematomas, in one case, and in neck and spinal cord injuries causing permanent stutter, in the other; settled for $255,000 and $590,000, respectively);

- *Joseph v. N.Y.C.D.O.C.*, 02 Civ. 9219 (S.D.N.Y.) (alleging beat-up at GRVC resulting in orbital fracture; settled for $375,000).

91.     In spite of this knowledge, Defendant CITY OF NEW YORK was deliberately indifferent to the pattern of excessive force on Rikers Island, refusing to punish correction officers who applied excessive force; failing to adequately supervise correction officers to ensure that they did not violate inmates' rights to be free of excessive force; and nurturing what news media outlets and the United States Department of Justice have labeled a "culture of violence" on Rikers Island.

92.     Defendant CITY OF NEW YORK'S deliberate indifference was such that its habit of allowing and nurturing this culture of violence rose to the level of a policy or custom of the City.

93.    Plaintiff was damaged by the culture of violence that Defendant both allowed and nurtured.

94.    As a result, Plaintiff RAJI WILSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

<u>EIGHTH CAUSE OF ACTION</u>
(FAILURE TO INTERVENE UNDER 42 U.S.C. § 1983)

95.    Paragraphs 1 through 94 herein are incorporated by reference.

96.    The defendants had an affirmative duty to intervene on behalf of Plaintiff RAJI WILSON, whose constitutional rights were being violated in their presence by other officers, including the individual defendants.

97.    The defendants failed to intervene to prevent the unlawful conduct described herein despite having every opportunity to do so.

98.    As a result of the defendants' conduct, Plaintiff RAJI WILSON was subjected to excessive force; his liberty was restricted for a period of time; he was put in fear for his safety; he was physically brutalized and in pain.

99.    As a result, Plaintiff RAJI WILSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

100.   All of the foregoing acts of the defendants deprived Plaintiff RAJI WILSON of federally protected rights, including but not limited to, the right: A) To be free from deprivation of civil rights and liberty; B) To be free from false arrest/unlawful imprisonment; C) To be free from excessive force; D) To be free from the failure to intervene.

101.   As a result, Plaintiff RAJI WILSON is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

<u>**JURY DEMAND**</u>

Plaintiff demands a jury trial.

Dated: New York, New York
        September 7, 2018

FINK & KATZ, PLLC.

<u>/s/ Jonathan A. Fink</u>
By:   Jonathan A. Fink
      One of Plaintiff's Attorneys

**Attorneys for Plaintiff**

Brian L. Bromberg
Bromberg Law Office, P.C.
26 Broadway, 21st Floor
New York, New York 10004
Telephone: (212) 248-7906
Fax: (212) 248-7908

21

Jonathan A. Fink
Fink & Katz, PLLC
299 Broadway, Suite 1803
New York, New York 10005
Telephone: (212) 385-1373
Fax: (212) 689-1710