

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET, Rm. 3-155
NEW YORK, NY 10007

**FRANK A. DELUCCIA**
Assistant Corporation Counsel
Phone: (212) 356-5054
Fax: (212) 356-3559
fdelucci@law.nyc.gov

October 5, 2018

**BY ECF**

Hon. Naomi R. Buchwald
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    <u>Raji Wilson v. City of New York, et al.</u>, 18-CV-08179 (NRB)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above-referenced matter.  Defendant City of New York respectfully requests a 60-day extension of time, from October 10, 2018 to December 10, 2018 (the Monday after the 60th day), to answer, move or otherwise respond to the complaint. Plaintiff's counsel has kindly consented to this request.  This is defendant City's first request for such an extension.

    By way of background, plaintiff alleges, *inter alia*, that on August 30th, 2016 through August 31st, 2016, he was falsely imprisoned and subjected to excessive force by corrections officers at Rikers Island.  In addition, Plaintiff also alleges, *inter alia*, that on March 27th, 2017, he was again subjected to excessive force by corrections officers at Rikers Island.

    The reason for the requested enlargement of time is to give this office the opportunity to investigate the allegations in the complaint in accordance with our obligations under Rule 11 of the Federal Rules of Civil Procedure.  Specifically, the enlargement will allow defendant City to request and obtain documents generated in connection with plaintiff's two alleged encounters with members of DOC, including any records that might be sealed pursuant to New York Civil Procedure Law § 160.50 or other protections.  Without these documents, defendant City cannot assess the facts alleged and meaningfully respond to the complaint.  Accordingly, it is necessary

for our office to acquire as much information as possible concerning this matter in order to properly assess the case and respond to the complaint.

Moreover, the extension should also allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law and based on a review of the facts of the case, whether we may represent any officers who may have had any involvement in the two alleged incidents and may be named as defendants moving forward in this matter. See *Mercurio v. City of New York*, 758 F.2d 862, 854-65 (2d Cir. 1985) (quoting *Williams v. City of New York*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985)) (decision to represent individual defendants is made by the Corporation Counsel as set forth in state law).

In light of the above, defendant City respectfully requests that the Court grant defendant City a 60-day extension of time, from October 10, 2018 to December 10, 2018, to answer, move, or otherwise respond to the complaint.

Defendant City thanks the Court for its time and consideration of the within request.

Respectfully submitted,

/s/

Frank A. DeLuccia
Assistant Corporation Counsel

FAD/m
cc:   Jonathan A. Fink, Esq. (by ECF)
      Brian L. Bromberg, Esq. (by ECF)