

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET, Rm. 3-155
NEW YORK, NY 10007

FRANK A. DELUCCIA
Assistant Corporation Counsel
Phone: (212) 356-5054
Fax: (212) 356-3559
fdelucci@law.nyc.gov

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/6/19
```

February 6, 2019

**BY ECF**

Hon. Naomi R. Buchwald
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    <u>Raji Wilson v. City of New York, et al.</u>, 18-CV-08179 (NRB)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above-referenced matter. Defendant City respectfully requests that the Court stay this action *sine die*, the resolution of an ongoing New York City Department of Correction ("DOC") internal investigation into the subject use of force incident. This is the first request for a stay in this matter. Plaintiff's counsel does not consent to this request. Should the Court grant this request, it will postpone the date by which Defendant City and the individually named defendants must answer or otherwise respond to the Complaint, which is presently due today on February 6, 2019.

    By way of background, plaintiff alleges, *inter alia*, that on August 30th, 2016 through August 31st, 2016, he was falsely imprisoned and subjected to excessive force by unnamed corrections officers at Rikers Island. In addition, Plaintiff also separately alleges, *inter alia*, that on March 27th, 2017, he was again subjected to excessive force in an unrelated incident by Officer Carnes and Officer Smith at Rikers Island.

    In the course of investigating this matter, the undersigned learned that there is an ongoing DOC Investigations Division investigation arising out of the incident alleged in the complaint that occurred on March 27th, 2017 involving the alleged actions of Officer Carnes and Officer

Smith identified above. Defendant City therefore respectfully requests a stay of this matter, pending the resolution of the DOC investigation for the following reasons.

Federal courts have inherent power and discretionary authority to stay a case if the interests of justice so require. See United States v. Kordel, 397 U.S. 1, 12 n.27 (1970); Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986); Volmar Distributors, Inc. v. The New York Post Co., Inc., 152 F.R.D. 36, 39 (S.D.N.Y. 1993). More specifically, federal courts are authorized to stay a civil action pending the outcome of a related proceeding. See, e.g., Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action.") (internal quotation marks and citations omitted); Bristol v. Nassau County, No. 08-CV-3480 (JFB) (WDW), 2010 U.S. Dist. LEXIS 39634, at *1 (E.D.N.Y. Apr. 22, 2010) ("A district court has the discretionary authority to stay a civil action pending the resolution of a parallel criminal proceeding when the interests of justice so require.") (quoting Johnson v. New York City Police Dep't, No. 01 Civ. 6570 (RCC) (JCF), 2003 U.S. Dist. LEXIS 12111, at *2 (S.D.N.Y. July 16, 2003)); Estes-El v. Long Island Jewish Med. Ctr., 916 F. Supp. 268, 269 (S.D.N.Y. 1995) ("It is well settled that the court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings.").

In the instant matter, this Office will be unable to resolve representational issues with the officers until the aforementioned DOC investigation is complete. See N.Y. Gen. Mun. L. § 50-k; Mercurio v. City of N.Y., 758 F.2d 862, 854-65 (2d Cir. 1985) (quoting Williams v. City of N.Y., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (stating that the decision to represent individual defendants is made by the Corporation Counsel as set forth in state law)). A stay of the instant matter would therefore safeguard against the possibility that a conflict of interest may arise during the pendency of the litigation. Pursuant to N.Y. General Municipal Law § 50-k, Defendant City is obligated to provide representation to individual defendants to the extent that they were acting within the scope of their duties as its employees during the incident in question. Thus, this office must first determine whether the individual employee "was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." Should a stay not be granted, Defendant City may be forced to represent the officers prior to learning the outcome of its own investigation concerning the officers' conduct. Should the officers later be found responsible for any wrongdoing as a result of that investigation, defense counsel may be conflicted out of the matter entirely and new counsel would need to be retained for all defendants. Such a scenario would likely cause a greater disruption to the instant action than the requested stay.

Moreover, best practices prevent this office from even communicating with the individual defendants until the resolution of the investigation. As Defendant City is a municipality, it can only communicate through its agents. If this office cannot communicate with the individual defendants, the City of New York cannot even offer a version of the events in question, let alone prepare an effective defense of the claims asserted by plaintiff.

Finally, the parties will likely require the documents associated with the DOC Investigation Division file, many of which (to the extent that they exist) will be protected from

discovery by the deliberative process privilege prior to the conclusion of the DOC investigation. See Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 356 (2d Cir. 2005) (the deliberative process privilege is (1) designed to promote the quality of agency decisions by preserving and encouraging candid discussion between officials, and (2) based on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news; an inter-agency or intra-agency document may be subject to the privilege if it is both pre-decisional and deliberative) (internal citations and quotations omitted). Furthermore, the law enforcement privilege prevents disclosure of a pending investigation in order to, *inter alia*, "safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." National Congress for Puerto Rican Rights v. The City of New York, et al. 194 F.R.D 88, 93 (S.D.N.Y.) (citing In re Dep't of Investigation of the City of New York, 856 F.2d 481, 484 (2d. Cir. 1988) (citations omitted)). Consequently, the parties to this action will not have access to vital information, including witness statements, until the DOC investigation is resolved.

For the foregoing reasons, Defendant City respectfully requests that the Court grant a stay of the instant litigation until the conclusion of the DOC investigation. Should the Court grant the requested stay, at the direction of the Court, the undersigned will file status letters regarding the progress of the DOC investigation.

Defendant City thanks the Court for its time and consideration of the within request.

Respectfully submitted,

/s/

Frank A. DeLuccia
Assistant Corporation Counsel

[Handwritten annotation: Application granted. Status letters should be filed every Thirty (30) days. So Ordered. [signature] USDJ 3/6/19]

FAD/m
cc: Jonathan A. Fink, Esq. (by ECF)
    Brian L. Bromberg, Esq. (by ECF)